IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOMMI R. BATLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. A. NO. 19-1043-CG-MU |
| | ) |
| BISHOP STATE COMMUNITY | ) |
| COLLEGE, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

On February 19, 2020, Defendants Alabama Community College System, Reginald Sykes, in his individual and official capacity as President of Bishop State Community College, and Ann Clanton, in her official and individual capacity as Vice President of Operations at Bishop State Community College, filed a Partial Motion to Dismiss certain claims contained in Plaintiff's Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 10). On March 30, 2020, the remaining defendants, Bishop State Community College, Jimmy Baker, in his individual and official capacity as Chancellor of the Alabama Community College System, and Adrian Evans, in her official and individual capacity as Chair of the Humanities Division at Bishop State Community College, filed substantially the same partial motion to dismiss. (Doc. 22). These motions have been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72, for entry of a report and recommendation. Plaintiff filed briefs in response to these partial motions to dismiss on March 2, 2020 (Doc. 13) and April 13, 2020 (Doc. 25), and Defendants filed reply briefs on March 9, 2020 (Doc. 20) and April 20, 2020 (Doc. 27). Having reviewed

and considered the relevant pleadings, the briefs, and the relevant law, the undersigned Magistrate Judge **RECOMMENDS** that Defendants' partial motions to dismiss certain claims set forth in Plaintiff's Complaint be **GRANTED** as set forth below.

## I. SUMMARY OF ALLEGATIONS

On December 6, 2019, Plaintiff Tommi R. Batley filed her *pro se* complaint against Defendants Alabama Community College System ("ACCS"), Reginald Sykes, in his individual and official capacity as President of Bishop State Community College, Ann Clanton, in her official and individual capacity as Vice President of Operations at Bishop State Community College, Bishop State Community College ("Bishop State"), Jimmy Baker, in his individual and official capacity as Chancellor of the Alabama Community College System, and Adrian Evans, in her official and individual capacity as Chair of the Humanities Division at Bishop State Community College. (Doc. 1). Plaintiff stated in her complaint that "[t]his is an action brought forth under Title VII and 42 U.S.C. § 1983 and 1981, as well as the Fourteenth Amendment, seeking damages and relief against Defendants, in their official as well as their individual capacity…." (*Id.* at p. 1). Plaintiff, a tenured English instructor at Bishop State, set forth two causes of action in her complaint – one for reverse race discrimination (Count I) and the other for retaliation (Count II). (*Id.* at pp. 9-11). Count I of the complaint alleges that Defendants "demonstrated evil intent and malice on the basis of Plaintiff's race and in violation of her constitutional right to be free from workplace discrimination" and "[t]herefore, pursuant to 42 U.S.C. § 1983 and 1981, and the Fourteenth Amendment, [she] is seeking damages and relief against Defendants…." (*Id.* at p. 9). According to the documents filed with Plaintiff's EEOC charge and the other documents attached to

Plaintiff's complaint, her claim of discrimination is based upon the decision by Bishop State to hire a black co-worker with allegedly the same level of seniority to teach summer school classes in 2018 rather than Plaintiff, who is white. (*Id.* at pp. 39-42). Count II alleges that Defendants have taken actions, presumably not hiring her to teach 2018 summer classes, in retaliation for her filing complaints with the EEOC and "[t]herefore, pursuant to 42 U.S.C. § 1983 and 1981, [she] is seeking damages and injunctive relief against Defendants…."[1] (*Id.* at pp. 11-12).

Defendants Sykes, Clanton, Evans, and Baker argue that the Title VII claims against them in their individual capacity are due to be dismissed for failure to state a claim. (Doc. 10 at p. 2; Doc. 22 at p.2). ACCS and Bishop State argue that the Title VII claims against them should be dismissed because Plaintiff did not timely file her EEOC claim, and ACCS also argues that the Title VII claims against it should be dismissed because Plaintiff failed to name it as her employer in the EEOC charge. (*Id.*). ACCS and Bishop State argue that Plaintiff's §§ 1983 and 1981 claims against them are due to be dismissed because they are entitled to sovereign immunity and because Plaintiff has failed to state a claim. (*Id.*). The individual Defendants also claim that the §§ 1983 and 1981 claims asserted against them in their official capacities are due to be dismissed because they are entitled to sovereign immunity. (*Id.*). Baker alleges that Plaintiff's §§ 1983 and 1981 claims that are asserted against him in his individual capacity are also due to be dismissed because Plaintiff did not allege that he personally participated in any discriminatory acts and because he did not have the authority to take the action that Plaintiff alleges was discriminatory. (*Id.*).

---

[1] Although Plaintiff states in ¶ 21 of her complaint that she is seeking injunctive relief, her complaint seeks only monetary relief.

## II. **STANDARD OF REVIEW**

Defendants seek dismissal of certain of Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants seek dismissal based on Eleventh Amendment under Rule 12(b)(1). "Because the Eleventh Amendment represents a constitutional limitation on the federal power established in Article III, federal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment." *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001). "Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.,* 323 F.3d 920, 925 n.5 (11th Cir. 2003)). "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint," and when considering a facial challenge, "the court must … take the complaint's allegations as true." *Id.* "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Id.* "In such an instance, the court may hear conflicting evidence and decide the factual issues bearing on jurisdiction."  *Boglin*, 290 F. Supp. 3d at 1261.

As set forth above, Defendants also seek dismissal of certain of Plaintiff's claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must

4

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements, and the allegations must be considered in the light most favorable to the plaintiff. *See id.; Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Because Plaintiff is proceeding *pro se*, the Court must also liberally construe her complaint. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

In addition to the foregoing, "[a] complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. **CONCLUSIONS OF LAW**

A. **Title VII Claims:**

Although Title VII is mentioned only in the introductory paragraphs of Plaintiff's complaint and are not included as a ground in her description of her causes of action, because Plaintiff is proceeding *pro se*, the Court will liberally construe her complaint as including claims against all of the defendants on the basis of Title VII. As Defendants have argued, any and all claims asserted against the individual defendants under Title VII are due to be dismissed for failure to state a claim because only employers are subject to Title VII liability. *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (holding that "relief under Title VII is available against only the employer and not against individual employees").

Plaintiff's Title VII claims against ACCS and Bishop State are also due to be dismissed because her EEOC charge was not timely filed. Plaintiff is correct that the untimely filing of an EEOC charge does not divest a federal court of subject matter jurisdiction in and of itself; however, the untimely filing of an EEOC charge is a defense that can be raised by the employer defendant to defeat a Title VII claim. *See Mitchell v. Univ. of N. Ala.*, 785 F. App'x 730, 735 n.2 (11th Cir. 2019) (citing *Ford Bend Cty., Tx. v. Davis*, 139 S. Ct. 1843, 1851-52 (2019) (holding that the timeliness requirement was not jurisdictional but noting that if the issue is raised by the defendant it is grounds for judgment against plaintiff); *Chaney v. Cmty. Hospice of Baldwin Cty.*, No. 1:18-cv-237-TFM-M, 2019 WL 5536381, at *5 (S.D. Ala. Oct. 24, 2019) (holding that "failure to comply with Title VII's charge-filing requirement, while not a part to this Court's jurisdiction, is nonetheless a mandatory precondition to suit"). ACCS and Bishop State

have raised the untimeliness issue as a defense to Plaintiff's Title VII claim here.

In Alabama, a plaintiff must file an EEOC charge within 180 days after the date of the alleged discrimination or retaliation. *Rizo v. Ala. Dep't of Human Res.*, 228 F. App'x 832, 835 (11th Cir. 2007). The evidence cited in and attached to Plaintiff's complaint[2] shows that Plaintiff was advised in writing on May 29 and 30, 2018 that all summer classes had been assigned, resulting in her not receiving a summer teaching assignment. (Doc. 1 at pp. 27-28). Even though Plaintiff had questions regarding how seniority was determined, it is clear in this email correspondence that she understood as of May 30, 2018 that she had not been hired to teach summer classes and that her black co-worker had been assigned to teach all of the classes. (*Id*.). Although Plaintiff argues that she did not know until she met with the Director of Human Resources in June of 2018 that she would not be awarded a contract for the summer, the email exchange discussed above and the email exchange she had with the director and which she attached to her complaint, belie this argument. In the emails with the HR director, Plaintiff merely stated that she wanted to speak with her about questions she had about seniority and summer employment policies, not about whether she was going to be awarded a contract. (*Id*. at pp. 89-91). After considering Plaintiff's complaint and the attachments thereto, the Court finds that, when considering the evidence in the light most favorable to Plaintiff, she knew about the alleged discrimination and retaliation no later than May 30, 2018, and therefore, that is the date the time for filing her EEOC charge began running. Her EEOC charge was, thus, due to be filed no later than

---

[2] When ruling on a motion to dismiss, a district court may consider documents attached to the complaint, and "if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

November 26, 2018 in order to be timely. Plaintiff did not file her EEOC charge until November 27, 2018; therefore, as the EEOC found, it was not timely filed. (*Id.* at pp. 38, 73).

Prior to filing suit in federal court for discrimination or retaliation under Title VII, a plaintiff must exhaust their administrative remedies by filing a charge of discrimination with the EEOC. *See Gresham v. DaVita Healthcare Partners, Inc.,* CV 118-2222, 2020 WL 1492173, at *2 (S.D. Ga. Mar. 23, 2020). The plaintiff has the burden of showing that the EEOC charge was timely filed. *Jordan v. City of Montgomery*, 283 F. App'x 766, 767 (11th Cir. 2008). Plaintiff cannot meet that burden here. Therefore, her Title VII claims against ACCS and Bishop State are due to be dismissed.

**B. §§ 1983 and 1981 Claims:**

ACCS, Bishop State, and the individual Defendants, in their official capacities, argue that all of Plaintiff's § 1983 and § 1981 claims against them are due to be dismissed because they are entitled to Eleventh Amendment immunity as to these claims for which Plaintiff seeks only monetary damages. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. ACCS and Bishop State are entities of the State and as such are entitled to Eleventh Amendment immunity. *See Wilborn v. So. Union State Cmty. Coll.*, 720 F. Supp. 2d 1274, 1308 (M.D. Ala. 2010) (identifying Alabama Department of Postsecondary Education, the predecessor to ACCS, as a state agency immune from suit); *Moore v. Baker*, No. 18-311-KD-B, 2019 WL 1374674, at *5 (S.D. Ala. Mar. 8,

2019) (holding that "[i]t is well-settled that a state educational institution, such as a community college, is an 'arm of the state,' and 'is entitled to Eleventh Amendment immunity'") (quoting *Morris v. Wallace Cmty. Coll.-Selma,* 125 F. Supp. 2d 1315, 1335-36 (S.D. Ala. 2001)); Ala. Code § 16-60-110.1 (creating ACCS as "a department of state government"). Under the Eleventh Amendment, a nonconsenting state may not be sued for damages in federal court unless the state voluntarily waives its immunity or Congress clearly abrogates it. *See Hans v. Louisiana*, 134 U.S. 1, 14-17 (1890); *Cross v. Alabama*, 49 F.3d 1490, 1502 (11th Cir. 1995). While Congress has abrogated immunity for money damage suits brought under Title VII, *Fitzpatrick v. Bitzer*, 427 U.S. 445, 447-48 (1976), it has not abrogated Eleventh Amendment immunity for claims brought under § 1981, by and through the remedial vehicle of § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1525 (11th Cir. 1990).

Likewise, the Eleventh Amendment bars Plaintiffs § 1981 and § 1983 claims seeking only monetary damages from Defendants Sykes, Clanton, Evans, and Baker, in their official capacities. Sykes, as President of Bishop State, Clanton, as Vice President of Operations of Bishop State, Evans, as the Chair of the Humanities Division at Bishop State, and Baker, as the Chancellor of the ACCS, are state officials. *See Cross,* 49 F.3d at 1503. "Official capacity actions seeking damages are deemed to be against the entity of which the officer is an agent." *Id.*

Accordingly, the § 1981 and § 1983 claims against ACCS, Bishop State, and the individual Defendants in their official capacities are due to be dismissed.

9

## C. <u>Claims Against Baker in his Individual Capacity:</u>

Defendant Baker argues that the § 1981 and §1983 claims asserted against him in his individual capacity are also due to be dismissed because Plaintiff makes no allegations of any discriminatory or retaliative conduct on his part. A review of the complaint reveals that while Baker is lumped into general and conclusory allegations with the other individual defendants, neither the complaint nor the attachments thereto describe any conduct on his part that support those allegations. Supervisory officials cannot be held liable under § 1983 based on vicarious liability or respondeat superior. *See Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Supervisors may only be held liable if the supervisor "personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Bryant v. Jones,* 575 F.3d 1281, 1299 (11th Cir. 2009). Plaintiff had made no allegations that Baker personally participated in discrimination or retaliation against her nor has she alleged any causal connection between any of his actions and her alleged constitutional deprivation. Even giving Plaintiff the benefit of a liberal construction of the allegations of her complaint, the Court finds that Plaintiff has failed to state a claim against Baker in his individual capacity.

## IV.  <u>CONCLUSION</u>

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that Defendants' partial motions to dismiss Plaintiff's complaint (Docs. 10 and 22) be **GRANTED** and that the following claims asserted by Plaintiff be dismissed:

1) Any and all claims brought pursuant to Title VII;

2) Any and all claims for discrimination or retaliation brought pursuant to §§ 1981 and 1983 against ACCS and Bishop State;

3) Any and all claims for discrimination or retaliation brought pursuant to §§ 1981 and 1983 against Defendants Sykes, Clanton, Evans, and Baker, in their official capacities; and

4) Any and claims for discrimination or retaliation brought pursuant to §§ 1981 and 1983 against Defendant Baker, in his individual capacity.[3]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which

---

[3] The claims that remain after these dismissals are the discrimination and retaliation claims brought pursuant to §§ 1981 and 1983 against Defendants Sykes, Clanton, and Evans, in their individual capacities.

11

objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **28th** day of **April, 2020**.

                                        s/P. BRADLEY MURRAY
                                        **UNITED STATES MAGISTRATE JUDGE**